FRANKLIN *January,* 1836.

Learned *vs.* Bellows.

---

REYNOLDS and WINES, *vs.* ASA M. FRENCH, ET AL.

FRANKLIN *January,* 1836.

A party may recover upon a promissory note which has been voluntarily given up to be cancelled.

If a debtor by false and fraudulent representations as to his situation induce his creditor to ·deliver up to him his promissory notes upon payment of a part only of what is due, the creditor may upon proof of the fraud recover the balance of his debt in an action on the note.

This was a declaration in assumpsit upon three promissory notes and containing general counts. Plea, *non assumpsit*.

In support of the action, the plaintiffs offered to prove, that on the 17th day of March, A. D. 1834, the three defendants came to the plaintiffs and represented to them that the defendant French had honestly disposed of all his property in payment of his debts, out of which he had saved the sum of $451,16 for the plaintiffs which he was ready to pay to them if they would receive it in satisfaction and full discharge of said notes. That the other defendants being insolvent, and the plaintiffs believing said representation as to French to be true, they received said sum of $451,16, and gave up said notes to be cancelled. That said representation as to the situation of French was false, he having conveyed his property for the purpose of effecting said compromise, and having obtained a reconveyance of it shortly after the notes were given up. This evidence being objected to was rejected by the court.

The case comes here upon exception taken by the plaintiff to the decision of the court below rejecting the testimony offered.

*H. R. Beardsley, for plaintiff.*—It is not perhaps necessary to discuss the question whether the plaintiffs can count directly on the notes; for whether so or not, they have we apprehend a most ample remedy, and show a most· unquestionable right under the general counts.

The facts offered to be proved by the plaintiffs if established, would have shown a most palpable and gross fraud practised by the

FRANKLIN,
1836.

Reynolds &
Wines
vs.
French et. al.

defendants on the plaintiffs; · by means of which the compromise was brought about and the notes in question delivered up. The defendants then, having obtained the notes by means of false representations and downright fraud, have the plaintiffs a·remedy in the present form of action ?

Actions of assumpsit on the money counts, are resorted to as substitutes for bills in chancery, and are encouraged wherever the law affords no other remedy, and where a court of equity would compel a defendant to repay to a plaintiff, money which the latter had been compelled to pay for his benefit. And it is the peculiar remedy in cases, when one person has got money belonging to another in his hands through fraud or mistake, and which in equity and good conscience he ought not to retain.

These principles are unquestionable, and the only difficulty which can in modern times arise in relation to them, is in their application. If any state of facts can ever exist, which would so fashion a case, as to call for the application of these well-established general principles, they exist in this case. The books are full of cases, in which it has been held, that if one person pays money, even through mistake to another, the former may maintain assumpsit for money had and received against the latter to recover it back, *Brown* vs. *Williams*, 4, Wend. 360, *Waite* vs. *Legget*, 2 Cowen 195, *Marvalt* vs. *Wright*, 1. Wend. 355. If in such cases, money may be recovered back, more especially will the action lie to recover money obtained by misrepresentation and fraud.

In an action of this sort, whether money has actually been received or not, is immaterial. Property paid, or received as money is sufficient to support the action for money paid, or had and received, and it is precisely the same as if money itself had been paid or received. *Ainsli* vs. *Wilson*, 7, Cowen 662. *Armstrong* vs. *Garrow*, 6. Cowen, 460. *Vt. State Bank* vs. *Stodard*, 1. Chip. Rep. 157. 1. Swift Dig, 405. *Clark* vs. *Shu.* 1. Cowp. 197. *Richards et al* vs. *Hunt*, 6. Vt. Rep. 251. *Irving et al* vs. *Humphrey*, 1. Hopk. Ch. 7. Rep. 284. In the case at *bar*, the obtaining of the notes under the circumstances, is equivalent to so much money to the defendant, they have thereby the benefit of the fraud, and is the same as getting wrongfully so much of the plaintiffs money. *Tuislor* vs. *May*, 8. Wend. 561. *Edgell* vs. *Stanford*, 6. Vt. Rep. 551.

*Smalley and Adams, for defendant.*—The evidence offered by plaintiff and rejected by the Court, was not admissible on any of the counts of the declaration.

FRANKLIN,
January,
1836.

Reynolds &
Wines
vs.
French et al

No case can be found where the payee of a promissory note, having volnntarily discharged it or given it up to the maker to be cancelled, has been permitted to set it up as the ground of an action. It is thereby *functus officio* and ceases to be the subject of proof as evidence of a subsisting cause af action, and becomes as inoperative as a bond erased or altered in a material part, by the obligee.

If the defendants were guilty of fraud and misrepresentation for which the plaintiff had a cause of action, they should have framed their declaration to their case.

The evidence offered shows an accord and satisfaction, and was therefore inadmissible, as not tending to establish a *prima facie* cause of action in the plaintiff.

But conceding to the plaintiff that defendant represented, and that plaintiff offered to prove that they believing the representation, agreed to accept and did accept $451,16 in full satisfaction and discharge of the notes on which more was due had therefore gave up the notes to be cancelled; still this is a perfect discharge of the notes.

Without entering into a discussion of the effect of a simple acceptance of a part in satisfaction of the whole of a debt, it is clear that a release of the whole under seal in consideration of receiving a part is a bar to any further suit. When a promissory note is the only ground of a parties liability, giving up the note to be cancelled is equivalant to a release. Here by the case presented by the plaintiff it does not appear that they had any debt or demand against the defendant but the notes that were cancelled by which the defendant might have been but surety for the debt of a third person. Consequently when the notes were cancelled there was an end of their liability and a release was unnecessary.

On another principle the evidence was properly rejected. It does not appear from the plaintiff's statement that two of the defendants were cognisant of the misrepresentation as to French's disposition of his own property. The representation may have been false, and these two defendants in no wise answerable for the consequences; for unless the falsity of the representation was known to all the defendants, no fraud can be imputed to them.—There is no pretence in the offer of the plaintiff that Grant and Thurston knew the representation was false, and it is only from inference that fraud is to be charged upon French. Knowledge of the situation of his property, may as properly be attributed to the plaintiff, as to the other two defendants.

FRANKLIN,
January,
1836.
_____
Reynolds &
Wines
vs.
French et al.

Though an agreement to receive a less sum in satisfaction of a greater, unless qualified by peculiar circumstances, is not binding on a creditor, no reason can be given why a party may not if he chose, accept a less sum in satisfaction of a greater, and no case can be found where a party knowingly received a less sum than would appear to be due on the face of a note or bond, and give it up to be cancelled has sustained an action thereon.

In *Thomas* vs. *Heatham* 9 C. L. R. 152, it is said by Holroyd J. that the legal effect of the agreement between a debtor and creditor, that part of a larger sum due should be paid by the debtor and accepted by the creditor as a satisfaction for the whole might be considered to be the same as if the whole debt had been paid and part had been returned as a gift to the party paying.

The question then comes to this, after a party has disposed of his note or his money by gift, can he on alleging, that the object of his bounty made a misrepresentation to him rescinded his gift, and bring an action of assumpsit to recover it back?

The opinion of the court was delivered by

PHELPS, J.—The production of a promissory note is not always indispensable to a recovery upon it. Such production is dispensed with, where the note is proved to have been destroyed, and, in this State, where it is shown to have been lost. The reason why a recovery cannot be had upon a *lost* note which is negotiable in England is, that the note may find its way into the hand of a bona fide holder who may be entitled to payment. But here no such reason exists, as by force of our statute, restraining the negotiability of such notes, the transfer of a note is put upon the footing of an assignment of a chose in action. And it is also true, that a recovery may be had upon a note after it has been voluntarily given up to the maker. This doctrine was fully recognized in *Edgell* vs. *Stanford,* 6. Ver. Rep. 551.

And it seems immaterial in such case, whether the plaintiff count specially on the note, or generally in *indebitatus assumpsit.*

If there be any case of the kind where a recovery may be had, it would seem to be that in which the note is obtained from the holder by fraud and imposition. The plaintiff may doubtless treat the transaction, which resulted in giving up the note, as fraudulent and void, so far at least as to the agreement to accept the smaller or new note in full satisfaction. That a Court of Chancery would set aside a discharge given under such circumstances, and revive a security procured to be given up or cancelled by fraudulent representa-

FRANKLIN,
January,
1836.

Reynolds &
Wines
vs.
French et al.

tions, is settled by the case of *Richards et al.* vs. *Hunt*, 6 Vt. R. 251. If that decision requires authority to support it, it is to be found in *Phettyplace* vs. *Sayles*, 4 Mason 312 and *Irving et al.* vs. *Humphry*, 1 Hop. 284.

Can a court of law afford relief in a similar case? The case is in principle, the same, as if a discharge under seal had been given without a surrender of the notes. In that case a court of law would, upon common principles, treat the discharge as void, if obtained by fraud. The only difference in this case is, that the plaintiff is unable to produce the notes on trial; and in this respect, the cause comes within the rule of *Edgell* vs. *Stanford*.

The action of assumpsit proceeds upon equitable grounds, and in a case of this nature, where a full and adequate remedy may be had at law upon common principles, there is no good reason for driving the party to the more expensive and less expeditious remedy in chancery. In *Richards et al.* vs. *Hunt*, no relief could be had at law, as the party was discharged for imprisonment on the execution. No suit could be sustained upon the jail bond, as there was no escape, and as to the judgment, there was an apparent satisfaction of record.

In this case no technical difficulty is encountered. We are therefore of opinion, that the evidence offered in the court below should have been admitted. We do not deem it necessary to decide upon which count the plaintiff may be entitled to recover, though, if the amount of the notes be still due, it is difficult to discover any good reason why the party may not recover upon either.

It is suggested that some of the defendants may have been sureties, and upon this assumption it is argued that if the notes have been voluntarily given up the sureties are discharged. It is unnecessary to discuss that question, as it does not appear on record that any of the defendants are sureties. The evidence having been rejected the fact was not ascertained. Should it so appear upon a future occasion, it will then be in due season to determine its effect.

It is also urged that the reception of parol proof is dangerous, as there may have been endorsements on the notes, of the purport of which no proof can be had. This argument however applies with equal force to all cases of actions upon notes lost or destroyed. But in this case, the notes were given up to the defendants, and of course the evidence of such endorsements is still in their own power, unless they have of their own motion destroyed them.

FRANKLIN,
January,
1836.
—————
Reynolds &
Wines
vs.
French et al.

The remarks of the Chief Justice in *Edgell* vs. *Stanford* are relied upon as sustaining the position, that if a note be voluntarily given up to be cancelled it can not afterwards be made the ground of recovery. The remarks alluded to were made with reference to the mere substitution of one security for another, and to the question, with respect to which different decisions have been had, whether the acceptance of a new security of no higher nature is a satisfaction, or whether the party may resort to his original cause of action. He had no reference to a case like this. Indeed the whole drift of his opinion was to establish the *right* of recovery *in* such a case.

Judgment reversed and cause remanded to county court for a new trial.